**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TEAMSTERS GENERAL DRIVERS WAREHOUSEMEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-2252 |
| | § | |
| GREIF PACKAGING, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER REGARDING FEES**

In this suit to enforce a labor arbitration award, the Court granted summary judgment for Plaintiff Teamsters General Drivers Warehousemen ("Union") on April 7, 2010.[1] The Union then submitted a request for $24,150 in attorneys' fees and $350 in expenses.[2] Defendant Greif Packaging, LLC ("Greif"), has filed a response.[3] The fee request is now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff is entitled to fees in the amount of $18,550 and expenses of $350, for a total

---

1 Memorandum and Order [Doc. # 19].

2 Affidavit of Eric H. Nelson in Support of Award of Attorneys' Fees [Doc. # 21] ("Nelson Affidavit"). The expense claimed by Plaintiff's counsel is the $350 filing fee for the instant lawsuit; no other expenses are sought.

3 Defendant Greif Packaging, LLC's Response to Plaintiff's Evidence Supporting Its Request for Attorneys' Fees [Doc. # 22] ("Defendant's Response").

award of $18,900.

## I. FACTUAL BACKGROUND

This Court's previous Memorandum and Order fully recites the factual background of this case. In short, John Montemayor, an employee of Greif and a member of the Union, was terminated by Greif for allegedly violating a safety rule. The Union grieved the termination and the parties went to arbitration. After the arbitrator ordered Montemayor's reinstatement, Greif refused to comply with the arbitrator's decision, and the Union filed the instant lawsuit. Upon cross-motions for summary judgment, this Court ruled in favor of the Union and upheld the arbitrator's award.

The Court's previous opinion also held that the Union is entitled to attorneys' fees.[4] Therefore, the only question currently before the Court is the amount of the fee award. The Union requests an award of $24,500, which includes 69 attorney hours billed at $35 per /hour ($24,150), in addition to the $350 filing fee for this Court. Greif does not object to Plaintiff's counsel's hourly rate, but argues that the fee award should be reduced to no more than $16,695 because (1) counsel's time records supporting the fee request are vague and incomplete and (2) the Union has failed to prove the use of proper billing judgment.

---

4 Memorandum and Order, at 21-23.

## II. LEGAL STANDARDS

Attorneys' fee requests in the Fifth Circuit are governed by the "lodestar" analysis.[5] The lodestar is the product of the number of hours reasonably expended on the litigation by the movant's attorneys and the attorneys' reasonable hourly billing rate.[6]

In determining whether the amount of time expended on a matter is reasonable, courts are to review time records supplied by the movant and exclude from the lodestar calculation all time that is "excessive, duplicative, or inadequately documented."[7] When deciding whether a fee is excessive, the court must consider whether "the requested fees . . . bear a reasonable relationship to the amount in controversy . . . ".[8] However, disproportion between the amount of attorneys' fees sought and the damages recovered in the lawsuit does not alone "render the award of

---

5 *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

6 *Id.* (citing *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).

7 *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 234 (5th Cir. 2000) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

8 *Northwinds Abatement v. Employers Ins.*, 258 F.3d 345, 354 (5th Cir. 2001) (citing *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir. 1987)); *see Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."); *see also Migis v. Pearle Vision*, 135 F.3d 1041, 1047-48 (5th Cir. 1998).

attorneys' fees excessive."[9]

A plaintiff seeking attorneys' fees has the burden of showing the reasonableness of the hours billed, which includes proving that they are based on sound billing judgment.[10] "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[11] In setting a reasonable billing rate, courts are directed to consider the attorneys' regular rates as well as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[12]

Once the lodestar is determined, the court may adjust the figure upward or downward as necessary to make the award of attorneys' fees reasonable,[13] while ensuring that the fee award does not provide a windfall to the plaintiff.[14] The lodestar is "presumptively reasonable and should be modified only in exceptional cases."[15]

---

9 *Northwinds*, 258 F.3d at 355.

10 *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

11 *Id.*

12 *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

13 *Green*, 284 F.3d at 661.

14 *Kellstrom*, 50 F.3d at 328.

15 *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *see Saizan*, 448 F.3d at 800.

In deciding whether to make an adjustment to the lodestar figure, the court is to consider the "*Johnson*" factors, which include:

1. The time and labor required to represent the client(s);
2. The novelty and difficulty of the issues in the case;
3. The skill requisite to properly perform the legal services;
4. Preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee charged for those services in the relevant community;
6. Whether the fee is fixed or contingent;
7. The time limitations imposed by the client or circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of attorney(s);
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client;
12. Awards in similar cases.[16]

While the court is to "give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel,"[17] the most critical factor in this analysis is the "degree of success obtained."[18] However, this factor alone does not require that the Court adjust a fee

---

16 *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

17 *Migis*, 135 F.3d at 1047.

18 *Saizan*, 448 F.3d at 799 (citing *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003)); *see Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

award.[19]

## III. ANALYSIS

Plaintiff's counsel's time records state that counsel spent 69.00 hours working on this case.[20] The records describe counsel's services with brief phrases such as "Greif Suit re Montemayor," "Case Management Review-Greif-Montemayor," and "Research/Draft Memorandum re MSJ-Greif-Montemayor."[21] Defendant objects generally to Plaintiff's entries as vague and insufficiently detailed. Defendant also points out that Plaintiff's counsel has not billed his time in increments of 0.10 or 0.25 hour, but rather in increments of 0.5 hour or larger.

Defendant specifically requests that 16 hours of Plaintiff's counsel's time be disallowed:

> July 15-16, 2009. Plaintiff's counsel bills three hours on July 15 and two hours on July 16 for "Greif Suit re Montemayor." The billing records give no further detail. Plaintiff's complaint was filed in this Court on July 15, 2009, and counsel's records for July 14 bill 2.5 hours for "Draft Federal Court Suit-Greif-Montemayor." Defendant argues that Plaintiff should not be awarded fees for the five hours billed on July 15 and 16.

---

19 *Saizan*, 448 F.3d at 799 ("While a low damages award is one factor which the Court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award."); *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000).

20 Services Rendered by Eric H. Nelson (Exhibit A to Nelson Affidavit).

21 *Id*.

July 17, 2009. Plaintiff's counsel bills one hour on July 17 for "Montemayor-Greif-Settlement Conferences." Defendant requests that this award be reduced to 0.5 hour.

September 9-10, 2009. Plaintiff's counsel bills 1.5 hours for three billing entries described as "Greif-Montemayor Conferences" (0.5 hour on Sept. 9), "Negotiation Conferences re Greif" (0.5 hour on Sept. 9), and "Grief-Montemayor Conferences" (0.5 hour on Sept. 10). Defendant requests that the award for these dates be reduced to 0.5 hour because the descriptions are too vague, failing even to identify the participants in the conferences.

September 24, 2009. Plaintiff's counsel bills 2.5 hours for "Case Management Review-Greif-Montemayor." The parties filed their Joint Discovery/Case Management Plan on September 24. Defendant requests that the award be reduced to 0.5 hour because "read literally, [the billing entry] means that the Union's counsel spent 2.50 hours to review the parties' Joint Discovery/Case Management Plan."[22]

September 30, 2009. Plaintiff's counsel bills 2.5 hours for "Summary Judgment Review re Greif." Defendant objects because the parties' cross-motions for summary judgment were not filed until November 17, 2009, in accordance with the Court's scheduling order entered on October 6, 2009.[23]

October 6, 2009. Plaintiff's counsel bills 2.5 hours for "Federal Court Scheduling Conference-Greif." Defendant requests that the award be reduced to 0.5 hour given the conference's brevity. The Court's minutes reflect that the conference took five minutes, from 1:37–1:42 p.m.[24]

November 18, 20, & 30, 2009. Plaintiff's counsel bills four hours for three separate entries described as "Review Employer's Motion Summary Judgment-Greif." One hour is billed for November 18, one hour for November 20, and

---

22 Defendant's Response, at 5 n.3.

23 Plaintiff's counsel's billing records reflect multiple entries for preparation of Plaintiff's summary judgment motion, from October 22 through November 17, 2009.

24 Minute Entry Order [Doc. # 9].

two hours for November 30. Defendant requests that the award be reduced to one hour.

Based on these requested reductions, Defendant argues that the reasonable number of hours is 53, rather than 69. At counsel's rate of $350/hour, the lodestar then would be $18,550.

Plaintiff has filed no reply and thus has not opposed Defendant's requested reductions. Plaintiff's counsel's affidavit does not provide additional detail about the billing entries.[25] The Court agrees with Greif that Plaintiff has not met its burden to show that the particular time entries detailed above demonstrate hours "reasonably expended" on this litigation.[26]

The lodestar therefore is reduced to $18,550. This amount is presumptively reasonable and should be modified only in exceptional cases.[27] Neither party has urged the Court to adjust the lodestar amount based on the *Johnson* factors, and no basis for doing so is apparent from the record.

Furthermore, because Plaintiff's counsel's request for $350 in expenses is reasonable and Defendant has raised no objection, the request will be granted.

---

25 *See* Nelson Affidavit.

26 *See Saizan*, 448 F.3d at 799; *Green*, 284 F.3d at 661-62.

27 *Saizan*, 448 F.3d at 800; *Watkins*, 7 F.3d at 457.

Finally, Defendant urges the Court to further reduce the fee award by 10 percent because of the Union's alleged "failure to demonstrate the use of billing judgment," citing this Court's order in a previous case that reduced a fee award to counsel.[28] In the cited case, however, the attorney seeking fees acknowledged that he had not kept contemporaneous time records of his services, but rather had reconstructed the time records long after the services were performed.[29] The record in this case reflects no similar circumstance and, in fact, counsel's affidavit states that his time records were kept contemporaneously.[30] The reduction in the lodestar, as calculated above, sufficiently addresses the inadequacies in Plaintiff's counsel's billing records, and no further reduction is justified.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff is awarded attorneys' fees in the amount of **$18,550** and expenses in the amount of **$350**.

---

28 Defendant's Response, at 6-7 (citing *Miles-Hickman v. David Powers Homes, Inc.*, 2009 WL 995632 (S.D. Tex. Apr. 14, 2009) (Atlas, J.), at *4).

29 *Miles-Hickman*, 2009 WL 995632, at *4.

30 Nelson Affidavit, ¶ 15. Counsel's affidavit further states that some time expended was not billed to the Court. *Id.* ¶ 16.

SIGNED at Houston, Texas, this 20th day of **August, 2010**.

Nancy F. Atlas
United States District Judge